# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

RAY MACINNES,

    Plaintiff,

v.                                         CASE NO. 4:15cv353-RH/CAS

TALLAHASSEE INDOOR
SHOOTING RANGE, LLC, and
ROBERT KORNEGAY,

    Defendants.

_____/

## ORDER ON THE PRETRIAL CONFERENCE AND THE BANKRUPTCY STAY

One of the defendants in this action, Robert Kornegay, has filed a notice that he has filed a bankruptcy petition. Until otherwise ordered, the effect of the bankruptcy filing is to stay all proceedings as against Mr. Kornegay but not as against the two other defendants, Tallahassee Indoor Shooting Range, LLC, and Kornegay-Whittaker Warehouse #1, LLC (collectively "the corporate defendants"). This order recognizes the stay and establishes a mechanism by which the court can be kept advised of the status of the bankruptcy proceeding. The filing requirements of this order are mandatory to the extent consistent with

the automatic stay but are set out as a request to Mr. Kornegay while the stay is in effect, in recognition that the stay may not allow mandatory requirements to be imposed on him.

The pretrial conference remains scheduled for August 5, 2016.  The attorneys for the plaintiff and the corporate defendants should confer prior to that time on whether proceedings against the corporate defendants also should be stayed.  If a *consented* motion to stay proceedings against the corporate defendants is filed prior to the pretrial conference, the motion will be granted, and the pretrial conference will be canceled.  A motion to stay also may be made orally at the pretrial conference.

For these reasons,

IT IS ORDERED:

1.  All proceedings in this case against Mr. Kornegay are stayed until otherwise ordered.  Proceedings against the corporate defendants are not stayed.

2.  Mr. Kornegay must file a notice in this court within 30 days after the occurrence of any event or condition terminating the automatic stay either explicitly or by operation of law.

3.  Each other party must file a notice in this court within 30 days after the party or its attorney learns of the occurrence of any event or condition terminating

the automatic stay either explicitly or by operation of law.  But if one notice has been filed, no party is required to file an additional notice.

    4.   Mr. Kornegay is requested to file, and each other party must file, by the last day of each February and August (beginning with February 2017) a status report indicating whether the bankruptcy proceeding remains pending and the automatic stay remains in effect.  But if one status report has been filed for a period, no party is required to file an additional status report for that period.

    5.   The pretrial conference remains set for August 5, 2016, now for consideration of only the claims against the corporate defendants.  The pretrial conference will be conducted by telephone—with all attorneys attending only by telephone—if any party so requests by noon on August 4.  A request may be made orally to the courtroom deputy clerk so long as the request is also communicated to an attorney for each other party.

    SO ORDERED on August 3, 2016.

                              s/Robert L. Hinkle
                              United States District Judge